CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2011 DEC 21 PM 1:50
DEPUTY CLERK ___

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTIAN REYES, PRO SE, <br> TDCJ-CID No. 741031, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT J. EASON, Regional Director, <br> HAYWOOD S. TALIB, Islamic Chaplain, <br> WILLIAM T. THAYER, CO III, <br> KEVIN P. PINNEY, Major, and <br> RICHARD A. AVANTS, Disciplinary Captain, <br><br> Defendants. | § § § § § § § § § § § § § § § | 2:11-CV-0035 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff CHRISTIAN REYES, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his Complaint, plaintiff alleges that, on or about January 30, 2009, defendant THAYER wrote plaintiff a disciplinary case for "expressing [his] religious beliefs." Plaintiff exhausted his administrative remedies on April 28, 2009.

Because plaintiff's allegation that he received a disciplinary case for "expressing [his] religious beliefs" is unusual, the Court utilized a Questionnaire to elicit further facts concerning the basis for plaintiff's disciplinary case. By his December 8, 2011 response to the Court's Questionnaire, plaintiff states his disciplinary case about which he complains was for an infraction of Code 24.0 Refusing or Failing to Obey Orders and an infraction of Code 27.0 Out of

Place. Plaintiff says the charge for being out of place was dropped and he was found guilty of refusing or failing to obey an order. Plaintiff states he lost some goodtime, but goes on to state the question is "N/A[1]" and that records can be furnished by Classification.

Plaintiff's attached grievance reveals that he claims he was saying Muslim prayers in the dayroom; however, he argues in his grievance that other inmates were also standing up, both in an area designated for showers and in order to see the television when the SSI inmate or inmates cleaned in front of it. Plaintiff also argues he couldn't hear any order from defendant THAYER because plaintiff had ear plugs on and defendant THAYER was chewing tobacco. Thus, it is clear plaintiff received a case for standing in the dayroom and feels it was justified because he was praying.

Plaintiff requests $30,000.00 from each defendant and "for 'all' Muslims to be allowed to pray when prayer time comes in."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[1] The Court understands "N/A" to mean "not applicable."

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

By his Complaint, plaintiff states he sues defendant ROBERT J. EASON, Regional Director, because, at the time of the event, he was senior warden and "did not handle the issue." There is no further allegation of fact concerning defendant EASON. It appears plaintiff's claim against EASON is based on the defendant's supervisory position at the time of the incident; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by EASON and has alleged no fact showing any causal connection between his acts or omissions and the alleged constitutional violation. Consequently, plaintiff's allegations against defendant EASON fails to state a claim on which relief can be granted.

---

[3]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Plaintiff states he sues defendant HAYWOOD S. TALIB, the Islamic Chaplain, because he "did not do his duty as an Islamic Chaplain." By his response to the Court's questionnaire, plaintiff says defendant TALIB "did not even try to speak to the administration to get the case dropped." Plaintiff points to no basis for an expectation that this would be part of defendant TALIB's job or that TALIB's alleged failure to perform his job to plaintiff's expectations states a claim of constitutional dimension. Even if defendant TALIB could and/or should have tried to get the charge dropped, plaintiff's allegation against him states, at most, a claim of negligence, if even that. Section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)("negligent medical care does not constitute a valid section 1983 claim.").

Plaintiff states he sues defendant PINNEY, who was a Major at the time of the incident, because he graded the case "major" and allowed it to proceed instead of terminating it. Again, plaintiff has alleged no fact showing defendant PINNEY had any duty to terminate the case or grade it as anything but "major." At most, plaintiff has stated a claim of negligence, if even that, and has not advanced allegations of fact showing he is entitled to relief under section 1983. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)("negligent medical care does not constitute a valid section 1983 claim.").

Plaintiff states he is suing defendant AVANTS, the disciplinary captain who conducted

the hearing, because he was biased, found plaintiff guilty, and imposed punishment. Both this claim against defendant AVANTS and plaintiff's claim against defendant THAYER call into question the validity of the procedures used to determine him guilty of a disciplinary charge resulting in the loss of goodtime credits. In *Edwards v. Balisok*, the Supreme Court approved the application of the *Heck*[4] doctrine to the prison disciplinary setting and held that a state prisoner's claim for damages in a challenge to the validity of the procedures used to deprive him of good-time credits is not cognizable under section 1983. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997).

A favorable determination on plaintiff's claims against defendant AVANT and THAYER would call into question the validity of his disciplinary case and threaten the consequent loss of goodtime, affecting the length of his confinement. Therefore, plaintiff's claims against AVANTS and THAYER are barred until the disciplinary determination has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

Plaintiff has made it clear that the disciplinary determination has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Therefore, plaintiff's claims against defendants THAYER and AVANT will not accrue until after the *Heck* conditions had been met. *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994).

---

[4]*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff CHRISTIAN REYES against defendants EASON, TALIB, and PINNEY are DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED; and plaintiff's Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983 against defendants THAYER and AVANT are dismissed with prejudice to being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ day of December, 2011.

MARY LOU ROBINSON
United States District Judge